# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TERRY, IDOC # A60509, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-720-GPM |
| | ) |
| JOHN L. COX, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This action is before the Court on the matter of the unpaid filing fee for this action. Plaintiff Michael Terry is a prisoner in the custody of the Illinois Department of Corrections. On January 26, 2011, the Court denied Terry's motion for leave to proceed in forma pauperis ("IFP") without full prepayment of the Court's usual $350 filing fee for a civil action. *See* 28 U.S.C. § 1914(a). The Court found that four actions brought by Terry while incarcerated have been dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See Terry v. Ding*, 10-2214-MPM (C.D. Ill. Oct. 4, 2010) (order dismissing action for failure to state a claim upon which relief may be granted); *Terry v. Ding*, Civil No. 10-2026-MPM (C.D. Ill. Mar. 3, 2010) (same); *Terry v. Walker*, Civil No. 08-1298-HAB (C.D. Ill. June 3, 3009) (same); *Terry v. Barnett*, Civil No. 03-144-WDS (S.D. Ill. Nov. 30, 2004) (same). Because Terry has four "strikes," he may not proceed IFP in federal court unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). Because the Court found that Terry is not under imminent danger of serious physical injury, the Court ordered Terry to pay the full $350 filing fee for this action not later

than February 10, 2011. When Terry failed to pay the filing fee as ordered, the Court dismissed this action on February 14, 2011.

Under 28 U.S.C. § 1915, Terry incurred the obligation to pay the filing fee for this action in full when the action was filed, and this obligation continues regardless of later developments in this action, such as the Court's denial of Terry's request for leave to proceed IFP and the dismissal of the action. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Section 1915 provides a mechanism whereby an indigent prisoner who has been granted leave to proceed IFP in federal court can pay the filing fee for an action in small monthly installments. *See* 28 U.S.C. § 1915(a)(1), (b)(1)(A)-(B), (b)(2); *Jones v. Francis*, Nos. 08-cv-517-bbc, 08-cv-520-bbc, 2008 WL 4331000, at *1 (W.D. Wis. Sept. 18, 2008). However, the United States Court of Appeals for the Seventh Circuit has instructed, when a prisoner with three or more "strikes" has been denied leave to proceed IFP in an action, a district court may not employ the mechanism set out in Section 1915 to collect the filing fee for the action. "Section 1915(g) says that a disqualified litigant loses the right to proceed 'under this section' – that is, all of § 1915. The fee must be paid, and paid now. To permit deferral would defeat the function of § 1915(g), for it would give prisoners who have abused the privilege [of proceeding IFP] . . . the same rights as prisoners who have not." *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). In *Newlin* the court went on to say,

> If slow collection is not available, how then is payment to be ensured? The best answer we can conceive lies in the mechanism devised by *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), to collect sanctions from recalcitrant litigants. A prisoner who becomes ineligible under § 1915(g) to continue

> litigating [IFP], and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits. An order under *Mack* requires the clerks of the courts within this circuit to return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid.

123 F.3d at 437 (citation omitted). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid."); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Simply put, "[a]busers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Consistent with the guidance of the Seventh Circuit Court of Appeals, Terry is hereby **ORDERED TO SHOW CAUSE** not later than thirty (30) days from the date of entry of this Order why the Court should not bar Terry from filing any further papers in this Court until such time as Terry pays the $350 filing fee for this action in full. Tender by Terry of the full $350 filing fee for this action to the Clerk of Court not later than thirty (30) days from the date of entry of this Order shall be deemed by the Court to discharge Terry's duty to show cause under this Order.

**IT IS SO ORDERED.**

DATED: February 27, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge